ALEXANDER B. TRUEBLOOD (WA Bar No. 50612)
TRUEBLOOD LAW FIRM
1700 Seventh Ave, Suite 2100
Seattle, Washington 98101-1360
Telephone: (206) 707-9685
Facsimile: (206) 832-4676

Attorneys for Plaintiff
CANDICE YAMAURA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON – SEATTLE DIVISION

| | |
|---|---|
| CANDICE YAMAURA,<br><br>    Plaintiff,<br><br>vs.<br><br>HAPPY HADLEY REPO LLC, BRUCE RICHARD HADLEY, JAHRET SNOWHITE, and LOWER VALLEY CREDIT UNION,<br><br>    Defendants. | Case No: 2:16-CV-1400-JLR<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE UNIFORM COMMERCIAL CODE**<br><br>**(3) VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT** |

Plaintiff Candice Yamaura hereby complains against defendants Happy Hadley Repo LLC, Bruce Richard Hadley, Jahret Snowhite, and Lower Valley Credit Union, and alleges on information and belief as follows:

**OPERATIVE FACTS**

1. Plaintiff purchased 2010 Ford Mustang, primarily for personal, family or household use, which was financed by defendant Lower Valley Credit Union (LVCU). LVCU claims to have taken a security interest in the vehicle, as well as plaintiff's second vehicle, a 2013 Ford Mustang, which plaintiff owns outright. Plaintiff subsequently fell behind on the contract payments on the loan.

2. LVCU hired defendants Happy Hadley Repo LLC, and Bruce R. Hadley, to repossess plaintiff's vehicles. Hadley employed defendant Jahret Snowhite as a repossessor.

3. Bruce Hadley and Jahret Snowhite followed plaintiff into her garage with the tow truck, entering plaintiff's garage with their truck. They stopped the garage door from closing. Plaintiff objected and told them to leave her private property. While standing in plaintiff's garage, Snowhite and Hadley told plaintiff that they would remain until plaintiff turned over her vehicle. They hooked up plaintiff's vehicle to the tow truck, and jacked up the vehicle while plaintiff was inside. Snowhite and/or Hadley also injured plaintiff's leg with the truck. Plaintiff called the police, who ordered Hadley and Snowhite to leave.

4. Plaintiff called LVCU, and informed it of the violent repossession attempt. LVCU told plaintiff that she had 24 hours to turn in the vehicle, and that no further repossession attempts would occur during this period.

5. Before the 24 period was up, LVCU broke its promise, and again sent Happy Hadley Repo LLC to repossess plaintiff's vehicle at a car dealership. Happy Hadley Repo LLC trespassed without permission onto the dealership's private property, hooked up the vehicle, entered the dealership, and demanded the keys to the vehicle. The dealership refused, stating that plaintiff would be expecting her

1

vehicle. Hadley's driver said he would "sit here all day." Eventually, Happy Hadley Repo LLC left with plaintiff's 2010 Ford Mustang.

6. Happy Hadley Repo LLC tried to run plaintiff's boyfriend off the road, in an attempt to repossess plaintiff's 2013 Ford Mustang.  As plaintiff's boyfriend was entering an intersection, the tow truck driver pulled out from the right, attempting to block the intersection.  Plaintiff's boyfriend evaded by going into the oncoming lanes, and was able to leave the scene.  The Happy Hadley driver gave chase, and after failing to catch the boyfriend, falsely reported to the police that the boyfriend was driving recklessly.  The police and the driver arrived at the boyfriend's home. Again, the police ordered Happy Hadley Repo LLC to leave.

7. Plaintiff hired counsel who wrote a letter to LVCU demanding that all repossession efforts cease.  LVCU disregarded the letter, and did not recall Happy Hadley Repo LLC.  Bruce Hadley, Jahret Snowhite, and Happy Hadley Repo LLC continued with their repossession activities.  Defendants, including Jahret Snowhite, encountered plaintiff's boyfriend again while he was on his motorcycle, and swerved into his lane of traffic.

8. Plaintiff is concerned for her and her boyfriend's personal safety and that the defendants will continue to commit violence against her or others.

9. In their various attempts to repossess plaintiff's vehicles, defendants breached the peace, in violation of Uniform Commercial Code, RCW § 62A.9A-609(b)(2).

**JURISDICTION AND VENUE**

10. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d).  The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the Western District of Washington because defendant Lower Valley Credit Union is a Washington corporation, doing business in King County, Seattle, Washington, in this district, and subject to the court's

personal jurisdiction in this district. In addition, plaintiff is informed and believes that defendant Happy Hadley Repo LLC is a Washington limited liability company doing business in King County, Seattle, Washington.

## PARTIES

12. Plaintiff is a natural person over the age of 18 years and is a resident of the state of Washington.

13. Defendant Happy Hadley Repo LLC is a Washington limited liability company located in Benton, Washington, but plaintiff is informed and believes, is doing business in King County, Washington, and therefore is a resident of King County, Washington.

14. Defendant Bruce Richard Hadley is an individual over the age of 18 years, and a resident of the state of Washington.

15. Defendant Jahret Snowhite is an individual over the age of 18 years, and a resident of the state of Washington.

16. Defendant Lower Valley Credit Union is a Washington corporation located in Sunnyside, Washington, but is doing business in King County, Washington, and is therefore a resident of King County, Washington.

17. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
**(Against Defendants Happy Hadley Repo LLC, Bruce R. Hadley, and Jahret Snowhite for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

18. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

19. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal

purpose of which is the enforcement of security interests.

20.     Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

21.     Defendants had no present right to repossess plaintiff's vehicle in breach of the peace, but did so or attempted to do so, in violation of RCW § 62A.9A-609(b)(2).

22.     Plaintiff is entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

23.     Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k.  Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally.  The nature of defendants' violations justifies the maximum statutory damages award available.

24.     Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION
**(Against All Defendants for Violations of the Uniform Commercial Code, RCW §§ 62A.9A-609 and 62A.9A-625)**

25.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

26.     Defendants violated RCW §§ 62A.9A-609(b)(2) by repossessing plaintiff's vehicle, and attempting to repossess plaintiff's vehicle, in breach of the peace.

27.     Plaintiff is entitled to recover the actual damages caused by

4

FIRST AMENDED COMPLAINT 2:16-CV-1400-JLR     Trueblood Law Firm, 1700 7th Ave., Suite 2100, Seattle, WA 98101; (206) 707-9685

defendants' failure to comply with the Uniform Commercial Code, pursuant to RCW 62A.9A-625(b) and (c)(1).

28.  Plaintiff is entitled to recover the credit service charge plus ten percent of the principal amount of the obligation, pursuant to RCW 62A.9A-625(c)(2).

29.  Plaintiff is entitled to recover attorneys fees and costs pursuant to the terms of the retail installment sales contract, and applicable law.

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### (Against All Defendants For Violations Of The Washington Consumer Protection Act, RCW § 19.86.910 et seq)

30.  Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

31.  Defendants committed unfair methods of competition and/or unfair or deceptive acts or practices, in the conduct of any trade or commerce, and therefore violated RCW § 19.86.020.

32.  Defendants' acts were injurious to the public interest within the meaning of RCW 19.86.093.

33.  Plaintiff was injured in her business or property by defendants' violations of RCW 19.86.020, and is therefore entitled to injunctive relief, actual damages, and attorneys fees and costs, pursuant to RCW § 19.86.090.

34.  In addition to actual damages, plaintiff is entitled to treble damages not exceeding $25,000, pursuant to RCW § 19.86.090.

35.  Plaintiff is entitled to a civil penalty of $2,000 for each of defendants' violations of RCW § 19.86.020, pursuant to RCW § 19.86.140.

WHEREFORE, plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;

3. For civil penalties;

4. For treble damages;

5. For injunctive relief and a temporary restraining order;

6. For pre-judgment interest to the extent permitted by law;

7. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

8. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and Washington constitutions.

Dated: September 6, 2016         Respectfully Submitted,

TRUEBLOOD LAW FIRM


By:      /s/
    Alexander B. Trueblood

Attorneys for Plaintiff
CANDICE YAMAURA

6

FIRST AMENDED COMPLAINT 2:16-CV-1400-JLR    Trueblood Law Firm, 1700 7th Ave., Suite 2100, Seattle, WA 98101; (206) 707-9685